# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD EDWARD McCORD, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-20-00249-PRW |
| THE STATE OF OKLAHOMA, | ) ) ) |
|     Defendant. | ) |

## ORDER

On March 24, 2020, U.S. Magistrate Judge Gary M. Purcell issued a Report and Recommendation (Dkt. 5) in this action. Plaintiff, a state prisoner appearing *pro se*, initiated this action by filing a document entitled Application to Order Oklahoma County District Court to Honor Plaintiff's/Appellant's Statuatory [sic] Ten (10) Day Right to Withdraw Plea (Dkt. 1). In his Report and Recommendation (Dkt. 5), the Magistrate Judge construes Plaintiff's Application (Dkt. 1) as seeking appellate review of the state district court's January 21, 2020 order[1] denying Plaintiff's application to withdraw his *nolo contendere* plea and of the Oklahoma Court of Criminal Appeals' March 6, 2020 order affirming the denial—particularly because it seeks an order that would permit withdrawal of the plea.[2] Accordingly, the Magistrate Judge recommends dismissing Plaintiff's claims

---

[1] *See* Am. Order (Dkt. 1-1) at 16, *McCord v. State*, No. CF-2016-6862 (Okla. Dist. Ct., Okla. Cty. Jan. 21, 2020).

[2] *See* Pl.'s Appl. to Order Okla. Cty. Dist. Ct. to Honor Pl.'s/Appellant's Statuatory [sic] Day Right to Withdraw Plea (Dkt. 1) at 1 ("Petitoner asks this Court to ORDER the

without prejudice for lack of jurisdiction pursuant to the Rooker-Feldman doctrine, which essentially bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court."[3] Plaintiff was advised of his right to object to the Report and Recommendation by April 13, 2020, and that failure to make a timely objection would waive any right to appellate review of the recommended ruling. No objections have been filed as of this date. Having failed to object, Plaintiff has waived his right to appellate review of the factual and legal issues addressed in the Report and Recommendation (Dkt. 5).[4]

Having reviewed this matter de novo, the Court agrees with the Magistrate Judge that Plaintiff's claims are barred by the Rooker-Feldman doctrine and should be dismissed without prejudice for lack of jurisdiction. As the basis for this conclusion, the Court adopts the analysis contained in the Report and Recommendation (Dkt. 5).

Accordingly, the Court:

(1) **ADOPTS** the Report and Recommendation (Dkt. 5) issued by the Magistrate Judge on March 24, 2020; and

(2) **DISMISSES WITHOUT PREJUDICE** the claims raised in Plaintiff's Application to Order Oklahoma County District Court to

---

District Court of Oklahoma County to honor Petitioner's statutory right to Withdraw his Plea of Nolo-Contendre [sic] . . . .").

[3] *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923)).

[4] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf.* 28 U.S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate).

Honor Plaintiff's/Appellant's Statuatory [sic] Ten (10) Day Right to Withdraw Plea (Dkt. 1) for lack of jurisdiction under the Rooker-Feldman doctrine.

**IT IS SO ORDERED this 28th day of April, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE