## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD EDWARD MCCORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-20-00249-PRW |
| THE STATE OF OKLAHOMA, | ) ) ) |
| Defendant. | ) |

## **ORDER**

On March 24, 2020, U.S. Magistrate Judge Gary M. Purcell issued a Report and Recommendation (Dkt. 5) in this action. Plaintiff, a state prisoner appearing *pro se*, initiated this action by filing a document entitled Application to Order Oklahoma County District Court to Honor Plaintiff's/Appellant's Statuatory [sic] Ten (10) Day Right to Withdraw Plea (Dkt. 1). In his Report and Recommendation (Dkt. 5), the Magistrate Judge construed Plaintiff's Application (Dkt. 1) as seeking appellate review of the state district court's January 21, 2020 order[1] denying Plaintiff's application to withdraw his *nolo contendere* plea and of the Oklahoma Court of Criminal Appeals' March 6, 2020 order affirming the denial—particularly because it seeks an order that would permit withdrawal of the plea.[2] Accordingly, the Magistrate Judge recommended dismissing Plaintiff's claims

---

[1] *See* Am. Order (Dkt. 1-1) at 16, *McCord v. State*, No. CF-2016-6862 (Okla. Dist. Ct., Okla. Cty. Jan. 21, 2020).

[2] *See* Pl.'s Appl. to Order Okla. Cty. Dist. Ct. to Honor Pl.'s/Appellant's Statuatory [sic] Day Right to Withdraw Plea (Dkt. 1) at 1 ("Petitioner asks this Court to ORDER the

1

without prejudice for lack of jurisdiction pursuant to the Rooker-Feldman doctrine, which essentially bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court."[3] The Magistrate Judge advised Plaintiff of his right to object to the Report and Recommendation (Dkt. 5) by April 13, 2020, and that failure to make a timely objection would waive any right to appellate review of the recommended ruling.

After Plaintiff failed to file any objections by the deadline, the Court adopted the Magistrate Judge's Report and Recommendation (Dkt. 5) by Order (Dkt. 6) and Judgment (Dkt. 7) dated April 28, 2020. But on May 11, 2020, Plaintiff sought rehearing because he never received a copy of the Magistrate Judge's Report and Recommendation (Dkt. 5) and was therefore not afforded the opportunity to object within the time limit provided.[4] By Order (Dkt. 11) dated December 8, 2020, the Court granted Plaintiff's request and vacated its April 28, 2020 Order (Dkt. 6) and Judgment (Dkt. 7). The Court gave Plaintiff until December 29, 2020, to file written objections to the Magistrate Judge's Report and Recommendation (Dkt. 5) and advised Plaintiff once again that "failure to timely object [would] waive[] [his] right to appellate review of the recommended ruling."[5]

---

District Court of Oklahoma County to honor Petitioner's statutory right to Withdraw his Plea of Nolo-Contendre [sic] . . . .").

[3] *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923)).

[4] Pet'r Demand for Rehr'g of Mag. R. & R. & Allow Pet'r Statutory Time to Resp. to R. & R. Which Was Never Served (Dkt. 8) at 1–2.

[5] Order (Dkt. 11) at 4 (citing *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991)).

On January 4, 2021, the Court Clerk's Office filed Defendant's Objection to Report and Recommendation (Dkt. 12).[6] The attached envelope has a postmark of December 31, 2020,[7] but the first paragraph of the Objection (Dkt. 12) indicates Plaintiff "submit[ted] this objection to Magistrate's Report and Recommendation to be posted in the prison mail system through notification of prison personnell [sic]  at the earliest possible time on December 28, 2020."[8] Because "a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing" under the prisoner mailbox rule,[9] the Court will consider Plaintiff's Objection (Dkt. 12) timely.

The Court must now resolve his objections by "mak[ing] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[10] Only then may the Court "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[11] After de novo review, and for the reasons given below, the Court overrules the objections raised in Plaintiff's Objection to Report and Recommendation (Dkt. 12), accepts the Magistrate Judge's Report and Recommendation (Dkt. 5), and dismisses without prejudice the claims raised in Plaintiff's Application to Order Oklahoma County

---

[6] Pl.'s Obj. to R. & R. (Dkt. 12) at 1.

[7] Envelope (Dkt. 12-1) at 1.

[8] Pl.'s Obj. to R. & R. (Dkt. 12) at 1.

[9] *Hall v. Scott*, 292 F.3d 1264, 1265 n.1 (10th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)).

[10] 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3).

[11] 28 U.S.C. § 636(b)(1).

District Court to Honor Plaintiff's/Appellant's Statuatory [sic] Ten (10) Day Right to Withdraw Plea (Dkt. 1) for lack of jurisdiction under the Rooker-Feldman doctrine.

Most of Plaintiff's argument concerns the merits of his claims contained in the Application to Order Oklahoma County District Court to Honor Plaintiff's/Appellant's Statuatory [sic] Ten (10) Day Right to Withdraw Plea (Dkt. 1).[12] The Court can only discern two objections within Plaintiff's arguments. First, Plaintiff complains that "the Magistrate's Report and Recommendation . . . omits information (as shown in exhibits [i.e., Dkts. 1-1 & 1-2] where Plaintiff has been in the process of attempting to withdraw his plea of nolo contendre [sic] and his efforts to obtain pertinent information (which is in the possetion [sic] and knowledge of the District Attorney's and Public Defender's Offices) which support his claims (being denied every effort) violating his right to due process." Plaintiff believes the Magistrate Judge has failed to review the allegations as true and to construe them in the light most favorable to Plaintiff. Had the Magistrate Judge done so, Plaintiff believes the merits of his claims would be "clearly" seen. Second, Plaintiff contends he "is not seeking review of the judgments of his case of Oklahoma District Court where he seeks relief from the state's breach of agreement and ineffective counsel," but "is

---

[12] *E.g.*, Pl.'s Obj. to R. & R. (Dkt. 12) at 1 ("[Plaintiff] only know he has been defrauded, and continues to be defrauded, by the State of Oklahoma by their lies to get him to sign a plea agreement, breaking their own laws to continue to deprive him of his rights, denying him access to information pertinent to his case, misdirecting the court to draw its attention away from the pertinent information, and failing to provide him <u>effective</u> counsel to protect his rights and advocate for him in his case.").

seeking relief from the violations of his constitutional rights by the State of Oklahoma which has resulted in him being held unlawfully by the State."

Regarding the first objection, the Court finds that any omission on the part of the Magistrate Judge is inconsequential. Plaintiff argues that the omitted information is relevant to a determination of the merits of his claims. The omitted information has no bearing, however, on whether the Rooker-Feldman doctrine applies. The Court will not reach the merits unless Plaintiff can overcome application of that doctrine. Consequently, Plaintiff's first objection is overruled.

Regarding the second objection, the Court finds that Plaintiff has mischaracterized the relief his Application (Dkt. 1) is seeking. The Court need not blindly accept Plaintiff's *ipse dixit* that his action seeks "relief from the violations of his constitutional rights by the State of Oklahoma which has resulted in him being held unlawfully by the State." Going back to the Application (Dkt. 1) itself, the only relief Plaintiff requests is that "this Court . . . ORDER the District Court of Oklahoma County to honor Petitioner's statutory right to Withdraw his Plea of Nolo-Contendre [sic]."[13] The Court agrees with the Magistrate Judge that Plaintiff's prayer does "not present[] a habeas claim or another recognized form of collateral relief" but instead "treat[s] the federal court as an appellate forum" insofar as it "request[s] [that] this Court essentially overturn the state court's decision denying as

---

[13] Pl.'s Appl. to Order Okla. Cty. Dist. Ct. to Honor Pl.'s/Appellant's Statuatory [sic] Day Right to Withdraw Plea (Dkt. 1) at 1.

untimely his request to withdraw his plea."[14] Plaintiff's second objection is unavailing and is thus overruled.

Having reviewed this matter de novo, the Court still agrees with the Magistrate Judge that Plaintiff's claims are barred by the Rooker-Feldman doctrine and should be dismissed without prejudice for lack of jurisdiction.

Accordingly, the Court:

(1)   **ACCEPTS** the Report and Recommendation (Dkt. 5) issued by the Magistrate Judge on March 24, 2020; and

(2)   **DISMISSES WITHOUT PREJUDICE** the claims raised in Plaintiff's Application to Order Oklahoma County District Court to Honor Plaintiff's/Appellant's Statuatory [sic] Ten (10) Day Right to Withdraw Plea (Dkt. 1) for lack of jurisdiction under the Rooker-Feldman doctrine.

**IT IS SO ORDERED this 7th day of January, 2021.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[14] R. & R. (Dkt. 5) at 6.